**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,                                  CASE NO. 17-20583
                                                 HON. DENISE PAGE HOOD

v.

MARVIN DEUISE,

    Defendant.

_____/

**ORDER DENYING MOTION TO DISMISS [#33]**

**I.    Introduction and Factual Background**

Defendant Marvin Deuise (D-2) and three other defendants (Andre Lee Ashley (D-1), Leshawna Leshae Randall (D-3), and Hannah Rose Lee (D-4)), were named in a Complaint filed on August 21, 2017, the same day Defendant was arrested and detained temporarily. On August 22, 2017, a detention hearing was conducted and Defendant was ordered detained pending trial.

On August 31, 2017, the Government filed an Indictment, wherein the defendants were charged with: (a) aiding and abetting bank fraud, in violation of 18 U.S.C. §§ 1344, 2; (b) conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349; and (c) aiding and abetting aggravated identity theft, in violation of 18 U.S.C. §§ 1028A, 2. Dkt. No. 23. Defendant and Randall were arraigned on September 1,

2017. Ashley and Lee were not arraigned until October 25, 2017.

On or about August 25, 2017, Defendant's attorney contacted the Government to advise that her client wished to "resolve this matter." On August 28, 2017, the Government attorney and Defendant's counsel discussed the case. According to Defendant's counsel, she orally requested the discovery in the case. Defendant's counsel was advised that AUSA Saima Mohsin was starting a trial very soon but would furnish discovery shortly/soon, something that Ms. Mohsin reiterated upon a chance meeting outside of the courthouse a week or two later. There were no further communications between the Government and Defendant's counsel regarding the matter until October 10, 2017, shortly after the Court had sent out a trial notice on October 6, 2017, advising the parties that they had an October 31, 2017 trial date.

On October 10, 2017, Defendant's counsel sent an email to counsel for the Government and Randall, requesting a stipulation to adjourn the trial for 60–75 days. Dkt. No. 53, Ex. 1. Defendant's counsel also filed a Request for Disclosure on October 10, 2017. Dkt. No. 32. On October 11, 2017, the Government forwarded to Defendant's counsel (and counsel for Randall, the only other defendant who had been arraigned at that time) a proposed stipulation and order to adjourn the October 31, 2017 trial date for 60 days. Dkt. No. 53, Ex. 2. Randall agreed that an adjournment was warranted and concurred in the stipulation, but Defendant's counsel advised in

an email: "I have since changed my course. I do not stipulate to the adjournment" on behalf of Defendant. Dkt. No. 53, Ex. 3. On October 17, 2017, Defendant filed his Motion to Dismiss, seeking a dismissal of the Indictment, with prejudice, for alleged violations of the Speedy Trial Act and Sixth Amendment. On October 25, 2017, Ashley and Lee were arraigned in federal court. All defendants are being detained pending trial. The Motion to Dismiss was fully briefed, and the Court held a hearing on the Motion to Dismiss on December 7, 2017.

## II. Applicable Law

Pursuant to the Speedy Trial Act, a defendant's trial must be commenced within 70 days of the filing date of his indictment or arraignment, whichever is later. *See* 18 U.S.C. § 3161(c)(1); *United States v. Cianciola*, 920 F.2d 1295, 1298 (6th Cir. 1990). "Where, as in the case at bar, multiple defendants are charged together and no severance has been granted, one speedy trial clock governs." *United States v. Cope*, 312 F.3d 757, 776 (6th Cir. 2002) (citing 18 U.S.C. § 3161(h)(7)). Generally, all joined defendants "fall within the speedy trial computation of the latest co-defendant." *United States v. Blackmon*, 874 F.2d 378, 380 (6th Cir.1989).

Section 3161(h)(8)(A) gives district courts broad discretion to exclude time from the running of the seventy-day period based upon a finding that the "ends of justice" are served by such delay. *United States v. White*, 985 F.2d 271, 275 (6th Cir.

1993). "A district court judge cannot wipe out violations of the Speedy Trial Act after they have occurred by making the findings that would have justified granting an excludable-delay continuance before the continuance occurred." *United States v. Crane*, 776 F.2d 600, 606 (6th Cir. 1985) (quoting *United States v. Janik*, 723 F.2d 537, 544-45 (7th Cir. 1983)). Section 3161(h)(8)(C) explicitly forbids granting ends of justice continuances due to the "lack of diligent preparation . . . on the part of the attorney for the Government." Section 3161(h)(8)(C) precludes any lack of preparation by the Government from being a reason for granting an excludable continuance. *Crane*, 776 F.2d at 605.

### III. Analysis

#### A. Discovery

Defendant argues that the Government failed to provide discovery as required by this Court. Pursuant to a Standing Order of this Court, (1) within ten days of Defendant's September 1, 2017-arraignment, the Government was required to file a Discovery Notice; and (2) the Government was to furnish defense counsel on request "the information described in Federal Rules of Criminal Procedure 16(a)(1)." Administrative Order No. 03-AO-027, Standing Order for Discovery and Inspection and Fixing Motion Cut-Off Date in Criminal Cases, ¶ 1.(a)-(b) (September 30, 2003) (the "Standing Order").

As of the date Defendant filed his Motion to Dismiss, no discovery had been provided to Defendant. Defendant's counsel verbally requested discovery on two occasions in late August/early September. Defendant filed a written request for discovery on October 10, 2017 (one week before filing the Motion to Dismiss). The Government states that it provided Defendant with the Rule 16 discovery materials on October 20, 2017. In his November 14, 2017 reply brief, Defendant states that the Government had "furnished a portion of the discovery since the filing of the motion to dismiss."

The Government seems to suggest that its duty to provide discovery did not begin to run until it received the written request of Defendant's counsel on October 10, 2017 – after she requested that the parties stipulate to an adjournment of the October 21, 2017 trial. But, the Standing Order does not specify that the request of defense counsel has to be in writing, as it states "Upon request of defense counsel[,] the government shall: (a) Provide defense counsel with the information described in Federal Rules of Criminal Procedure 16(a)(1)." 03-AO-027.

The Government contends that collecting and producing discovery in this case is more complex because of the nature of the criminal activity. The defendants are members of the "Felony Lane Gang" ("FLG"), an organized group from the Fort Lauderdale, Florida area. The FLG travels from state to state to commit thefts of

identification documents and banking instruments from vehicles, usually at gyms or day care centers where people (usually women) leave their wallets in their cars. After stealing the identification documents and banking instruments while using stolen license plates on their rental cars, they create new identifications for women they hire to cash forged checks at bank drive-through lanes. Allegedly, the FLG members do this over and over in a particular city before moving on to another city or state and have done so for up to a decade. The Government states that it requires collection of reports of police activity and identification of individual victims and banks across many states, phone searches, police and bank videos, bank records, and records from rental car companies, all of which is "abnormal" in a federal case. The Government indicates that it has still timely fulfilled its obligations to provide materials upon request. The Court notes that this case does not appear to be significantly more complex than many cases that are handled by this Court, nor is it clear why <u>no</u> discovery was provided to Defendant until October 20, 2017.

Defendant also argues that Administrative Order 07-AO-029 (Speedy Trial Act Plan) requires that defendants be provided with at least 30 days to prepare for trial, which Defendant argues means that he must receive discovery at least 30 days prior to trial. Citing 07-AO-029 at ¶8 ("the trial shall not commence earlier than 30 days from the date on which the indictment or information is filed or, if later, from the date

on which counsel first enters an appearance . . . The court will in all cases schedule trials so as to permit defense counsel adequate preparation time in light of all of the circumstances. [18 U.S.C. § 3161(c)(2).]").[1] In this case, Defendant argues that since he was not presented with discovery by October 17, 2017, there is no way that he could be ready for the October 31, 2017 the trial date scheduled by the Court.

B.   **Speedy Trial Issue**

As Defendant was arraigned on September 1, 2017, his speedy trial clock would have expired on November 10, 2017, if there was no excludable delay. The period from October 17, 2017 onward is excludable delay because Defendant filed the Motion to Dismiss. That being true, only 47 days of the speedy trial clock have transpired and, ignoring all the codefendants, the speedy trial clock will remain tolled until the Court decides the instant motion.

The Government argues that the speedy trial clock never commenced in this case because all of the time since September 1, 2017 has been excludable. The Government relies on the fact that Defendants Ashley and Lee were not arraigned until October 25, 2017, which means that the speedy trial clock for all defendants was tolled until that date. *See* 18 U.S.C. § 3161(h)(6); *Henderson v. United States*, 476 U.S. 321, 323 n.2 (1986) ("All defendants who are joined for trial generally fall

---

[1] 07-AO-029 was superseded by 10-AO-003 but there was no substantive change to ¶8.

within the speedy trial computation of the last codefendant."). And, as Defendant filed the Motion to Dismiss prior to October 25, 2017 (creating an overlap of the tolling periods), the Government maintains that all of the time since the Indictment was filed should be tolled.

The Government argues that the stipulation by the Government and codefendant Randall to adjourn the trial for at least 60 days would also toll the speedy trial clock for all defendants. At the time of oral arguments, no such stipulation had been presented to the Court. In its response, the Government has "moved" for an adjournment of trial for 60 days. Motions cannot be filed in responses, so the Court will not rule on that issue in deciding the Motion to Dismiss.

Defendant argues that the Indictment should be dismissed with prejudice as it pertains to him. Defendant cites the Government's delay in providing discovery – for which he argues the Government did not have good cause, which delay prejudiced Defendant by not giving him time to prepare for trial.

Defendant also argues that the Government did not have good cause for the delay in arraigning Defendants Ashley and Lee. Both Defendants Ashley and Lee were in Oakland County Jail since August 15, 2017. Defendant asserts that because Defendants Ashley and Lee were detained in a readily accessible location within 40 miles of the Court, there was no justifiable reason they did not get arraigned until

October 25, 2017. The Government suggests that Ashley and Lee were brought to the courthouse on August 22, 2017 to be arraigned. The record reflects, however, that they were not arraigned that day because the U.S. Marshal Service refused to accept them due to the Government's failure to prepare a writ. Dkt. No. 53, Ex. 1. Defendant argues that these delays were unreasonable and, as such, should not constitute excludable delays pursuant to the Speedy Trial Act.

Defendant also believes that his Sixth Amendment right to a speedy trial has been violated. The Sixth Amendment guarantee of a speedy trial turns upon the four-part test promulgated in *Barker v. Wingo*, 407 U.S. 514, 533 (1972), which requires courts to balance: (1) the length of delay; (2) the reason for the delay; (3) whether and how the defendant asserted the speedy trial right; and (4) the amount of prejudice suffered by the defendant. No single factor is determinative; rather the court should conduct a balancing test. *Id*.

As of the date of the hearing, (1) approximately 100 days will have elapsed since Defendant was arraigned; (2) 47 days of the Speedy Trial Act's 70-day window transpired before Defendant filed his Motion to Dismiss; (3) about 53 days have passed since the Motion was filed; and (4) approximately 44 days have passed since Ashley and Lee were arraigned.

The reason for the delay requires the court to examine the Government's

motive for delay. *United States v. White*, 985 F.2d 271, 275 (6th Cir. 1993). Delays intended to secure a tactical advantage weigh heavily against the Government. *Id*. Defendant suggests that the delay in this case appears to have been for the Government's tactical advantage. Defendant does not specify why or how the Government would have a tactical advantage in delaying this proceeding, other than his argument that the Government was not prepared to go forward with the case when it was filed.

Based on the record, it seems likely that the Government's delay was, in part, attributable to Ms. Mohsin being in trial in September/early October. The record also reflects that Defendant's counsel, on behalf of Defendant, communicated to the Government on August 25, 2017 that she sought to resolve the case without a trial, a position the Government suggests was reinforced when Defendant's counsel asked the Government and Randall to stipulated to an adjournment on October 10, 2017. The Government argues that both of those events suggest that no one had a reason to anticipate that Defendant wanted a speedy trial.

As to the delay in arraigning Ashley and Lee, the Government states that it "promptly requested a writ for their appearance, providing a reasonable amount of time for their state matters to be resolved" before Ashley and Lee were arraigned in federal court on October 25, 2017. The Government argues that delays of

approximately two months are "routinely" considered by courts to be reasonable under the Speedy Trial Act. Citing *Coviello v. United States*, 287 F.App'x 503, 506 (6th Cir. 2008) (finding a 7 week delay in arraignment of a codefendant meant that moving defendant was subject to the same speedy trial clock as the latter-arraigned defendant). The Government states that, if Defendant wants to proceed to trial on a different speedy trial clock than Ashley and Lee, Defendant must comply with the requirement under the Speedy Trial Act and file a motion for severance from other defendants,18 U.S.C. § 3161(h)(6). Defendant has not filed a motion for severance.

The Government states that "[u]ntil there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other [*Barker*] factors that go into the balance." *Barker*, 407 U.S. at 530 (a five-year delay between the defendant's arrest and trial was deemed extraordinary and presumptively prejudicial). *See also United States v. Schreane*, 331 F.3d 548, 553 (6th Cir. 2003) (a delay of more than a year is presumptively prejudicial).

Defendant argues that the third *Barker* factor, whether and to what degree he asserted his speedy trial rights, weighs in his favor. Defendant notes that he brought his Motion to Dismiss and asserted his rights to a speedy trial two weeks before the scheduled October 31, 2017 trial date. The Government counters that, only a week before filing his Motion to Dismiss, Defendant had asked for an adjournment of trial

for 60-75 days and that, until October 11, 2017, the Government understood that Defendant did not wish to go to trial. The Government also argues that Defendant has never asked for a trial, only a resolution of his case short of a trial.

Under the fourth *Barker* factor, the Court must consider the degree of prejudice the delay caused Defendant. The Sixth Circuit requires a showing of "substantial prejudice." *See United States v. DeClue*, 899 F.2d 1465, 1470 (6th Cir. 1990). In *Barker,* the Supreme Court identified three different types of prejudice a defendant may suffer from a pre-trial delay: (1) oppressive pretrial incarceration; (2) anxiety and concern; and (3) the possibility that the defense will be impaired. *Barker*, 407 U.S. at 532. Defendant argues that he has been in continuous custody since his arrest on August 16, 2017. Since he is a resident of Fort Lauderdale, Florida, Defendant has been sequestered from family and friends for the last two months. He argues that the Government's delay in the prosecution of this case is oppressive and has caused him to experience tremendous anxiety and concern, though he does not specify how such anxiety and concern has manifested itself. Defendant observes that, because of the lack of discovery disclosures at the time of filing his Motion to Dismiss, he was unable to ascertain whether the delay had impaired his defense.

The Government argues that the Court should be concerned with "whether the government or the criminal defendant is more to blame for [the] delay." *Schreane*,

331 F.3d at 554. Valid reasons for delay of trial are weighted in favor of the Government, *Takacs v. Engle*, 768 F.2d 122, 128 (6th Cir. 1985), whereas "[g]overnmental delays motivated by bad faith, harassment or attempts to seek a tactical advantage weigh heavily against the government." *Schreane*, 331 F.3d at 554; *United States v. White*, 985 F.2d 271, 275 (6th Cir. 1993) (tactical advantage). "A more neutral reason such as negligence . . . should be weighted less heavily but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant." *Barker*, 407 U.S. at 531. The Government argues that there is no evidence of bad faith or efforts of tactical advantage by the Government. Rather, the delay was the result of waiting for two codefendants facing state charges, yet the Government offers no explanation for why it could not have Ashley and Lee arraigned in federal court prior to October 23, 2017.

IV. **Analysis**

The Court denies Defendant's Motion to Dismiss.

Most significantly, even if the time from September 1, 2017 until Ashley and Lee were arraigned (October 25, 2017) was not excludable, the filing of Defendant's Motion to Dismiss caused the speedy trial clock to be tolled after 47 days, and it has not restarted. The speedy trial clock would not resume until this Motion to Dismiss

is decided, and then there would still be 23 days until the Speedy Trial clock expires. As Defendant received some discovery on October 20, 2017, he already has had at least 30 days to evaluate the discovery. As such, there is no Speedy Trial Act violation on that basis.

Defendant has not shown how he has been prejudiced by any delays that have occurred. Although the Government's reason for the delay in arraigning Defendants Ashley and Lee is not strong, the delay of 7 weeks in arraigning two defendants who were in the state court judicial system is not overly long. As the Speedy Trial clock did not begin until October 25, 2017, when Defendants Ashley and Lee were arraigned, the Speedy Trial clock never commenced because Defendant filed his Motion to Dismiss before October 25, 2017. It is noteworthy that there is no evidence that the Government acted in bad faith or that the delays in trial or providing discovery were for the purpose of obtaining a tactical advantage.

Finally, it is not irrelevant that Defendant's counsel communicated to the Government, even before Defendant's arraignment, that Defendant wanted to resolve the matter. Defendant did not communicate any other position, including that he wanted to go to trial, until at least October 11, 2017, one day after Defendant initiated a discussion about filing a stipulation and order with the Court requesting a 60-day adjournment of the October 31, 2017 trial date.

For the reasons set forth above, there is no violation of the Speedy Trial Act and the Motion to Dismiss is denied.

## V.    Conclusion

Accordingly, for the reasons stated above,

IT IS ORDERED that Defendant's Motion to Dismiss [Dkt. No. 33] is **DENIED**.

IT IS ORDERED.

S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated:  December 26, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 26, 2017, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager